**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**J.D. FIELDS & COMPANY, INC.**                                          **PLAINTIFF**

     **VS.**        **CASE NO. 4:12-cv-00754-KGB**

**NUCOR-YAMATO STEEL COMPANY**                              **DEFENDANT**

**AGREED PROTECTIVE ORDER**

To protect confidential, private, or proprietary information of the parties sought or used in discovery in this action, Plaintiff J.D. Fields & Company, Inc. ("Fields") and Defendant Nucor-Yamato Steel Company ("NYS") agree to the terms of and, subject to approval of the Court, to the entry of this Agreed Protective Order ("Protective Order").

IT IS AGREED BY THE PARTIES AND ORDERED AS FOLLOWS:

1.  As used in this Protective Order:

    a.  "Discovery Material" shall mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including among other things, testimony, transcripts, and tangible things), that are produced, provided, or generated in disclosures, deposition testimony, or other responses to discovery in this matter.

    b.  "CONFIDENTIAL" shall refer to any Discovery Material, or any portion thereof, which contains information that either party considers confidential, not a matter of public record, or to which the right of privacy may apply, including but not limited to (a) financial information; (b) accounting information; (c) business planning or development information; (d) customer information; (e) research

information; (f) commercial information; (g) company personnel or employee information; or (h) information that should otherwise be subject to confidential treatment under FRCP 26(c)(1), as long as such designation is made in good faith.

c.   "HIGHLY CONFIDENTIAL" shall refer to any Discovery Material, or any portion thereof, which contains information that either party considers proprietary or competitively sensitive, including but not limited to (a) trade secrets; (b) competitive pricing information; or (c) other CONFIDENTIAL information (as defined in Paragraph 1(b)) the disclosure of which is likely to cause competitive or commercial injury to the designating party, as long as such designation is made in good faith.

d.   "Counsel" shall mean attorneys retained to represent or advise a party to this action and who have appeared in this action on behalf of that party or who are affiliated with a law firm which has appeared on behalf of that party.

e.   "Designating Party" shall refer to a Party or Non-Party that designates Discovery Material as Protected Material.

f.   "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

g.   "Party" shall refer to any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staffs).

h.   "Producing Party" shall refer to a Party or Non-Party that produces Discovery Material in this action.

i.  "Professional Vendors" shall refer to persons or entities that provide litigation support services (*e.g.,* photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

j.  "Protected Material" shall refer to any Discovery Material that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

k.  "Receiving Party" shall refer to a Party that receives Discovery Material from a Producing Party

2.  Any Party or Non-Party producing or receiving any Discovery Material may designate all or any portion or portions thereof as Protected Material as defined in this Order.

3.  The designation of Protected Material may be made:  (i) in the case of Discovery Material in documentary form (*e.g.,* paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), by placing or affixing thereon, in such a manner as will not interfere with the legibility thereof, the notice **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL"** or (ii) in the case of Discovery Material consisting of testimony (and accompanying exhibits) given in deposition or in other pretrial proceeding, by the Designating Party either (1) stating orally on the record of the deposition that certain information or exhibits are CONFIDENTIAL or HIGHLY CONFIDENTIAL or (2) sending written notice designating such information, testimony, or exhibits as CONFIDENTIAL or HIGHLY CONFIDENTIAL within thirty (30) days of receipt of the deposition transcript.  Prior to expiration of those thirty (30) days, or until it is otherwise designated, whichever comes first, all deposition testimony shall be deemed CONFIDENTIAL.  A designation of confidentiality made pursuant to the terms of this

Order shall signify that such designated material has been reviewed by the counsel making the designations, and that counsel has made such designation based upon a good faith analysis of the confidentiality of any such designated material.

4.  All or any part of Discovery Material covered by such notice may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL by the Designating Party by affixing the confidentiality label to each page or portion of a page so designated.

5.  Unless and until otherwise ordered by the Court, Discovery Materials designated as CONFIDENTIAL and the contents thereof may be disclosed only to:

   a.  A Party;

   b.  Actual or potential independent experts or consultants (excluding any experts or consultants known to be regularly employed or engaged by a current or prospective competitor of the party or non-party that designated the material), provided such person executes a Certification attached hereto as Exhibit A;

   c.  The Court Reporter(s) employed in connection with this lawsuit and employees employed by such Court Reporters(s) performing work related to this lawsuit;

   d.  A person who prepared, received, or reviewed the CONFIDENTIAL Discovery Material prior to its production in this litigation; provided such witness executes a Certification attached hereto as Exhibit A;

   e.  Professional Vendors retained by Counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a Certification attached hereto as Exhibit A;

   f.  Other persons who may be specifically designated by consent of all attorneys of record to this lawsuit, or pursuant to an Order of the Court; and

    g.  The Court and any Court personnel.

6.  Except with the prior written consent of the Designating Party, or unless and until otherwise ordered by this Court, Discovery Material designated HIGHLY CONFIDENTIAL, and the contents thereof, may be disclosed only to:

    a.  Counsel;

    b.  Actual or potential independent experts or consultants (excluding any experts or consultants known to be regularly employed or engaged by a current or prospective competitor of the party or non-party that designated the material) provided such person executes a Certification attached hereto as Exhibit A;

    c.  The Court Reporter(s) employed in connection with this lawsuit and employees employed by such Court Reporters(s) performing work related to this lawsuit;

    d.  A person who prepared, received, or reviewed the HIGHLY CONFIDENTIAL Discovery Material prior to its production in this litigation, provided such witness executes a Certification attached hereto as Exhibit A;

    e.  Professional Vendors retained by Counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a Certification attached hereto as Exhibit A;

    f.  Other persons who may be specifically designated by consent of all attorneys of record to this lawsuit, or pursuant to an Order of the Court; and

    g.  The Court and any Court personnel.

7.  All Protected Material shall be used and/or disclosed solely for the purpose of the direct prosecution or defense of this lawsuit and for no other purpose whatsoever.  No Party or agent for any Party shall use or permit to be used any Protected Material for any business

or commercial purpose whatsoever of such Party or any other person, firm, or corporation.

8. The recipient of any Protected Material shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his or her own confidential or proprietary information.

9. To the extent a party needs to include any Protected Material in any pleading, motion, deposition transcript or other paper filed with any court, such Protected Material shall be filed and maintained under seal, unless the party who designated such information as Protected Material agrees that it need not be filed under seal, in accordance with the procedures of this Court, until further order of this Court; provided, however, that such paper shall be furnished to the Court and counsel of record for the named parties to be received and reviewed under the provisions of the stated level of confidentiality.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.

10. In hearings, oral arguments, or other appearances in court, the parties shall confer and attempt to agree before any trial or other hearing on the procedures under which Protected Material may be introduced into evidence or otherwise used at such trial or hearing.  Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party producing any Protected Material which may be used or introduced at such trial or hearing.  Absent agreement, the Court shall be asked to issue

an order governing the use of such Protected Material at trial or hearing upon reasonable notice to all parties and non-parties who have produced such Protected Material.

11. Within sixty (60) days after the settlement or entry of final judgment or order in this lawsuit from which no appeal has been or can be taken, all Protected Material, and all copies thereof shall be destroyed or returned to counsel for the party producing or providing the same and no copies thereof shall be retained by any other person, and Counsel for each of the Parties shall confirm that they have returned to producing counsel or destroyed all the Protected Material. Counsel may retain copies of deposition transcripts and exhibits, Court transcripts and exhibits, and documents and other materials submitted to the Court.

12. With respect to any Discovery Material that has been designated as Protected Material by a Party, another Party may seek and obtain from the Court, upon an appropriate showing and full opportunity of the designator to respond and be heard, a determination that such material should not be deemed Protected Material. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on such motion, the materials shall continue to be deemed and treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, as designated by the Designating Party. Any Party may seek and obtain, on an appropriate showing, additional protection with respect to the confidentiality of Discovery Material.

13. Review of Protected Material and information by any person authorized under this order shall not waive the confidentiality of the documents or objections to production. The inadvertent, unintentional, or *in camera* disclosure of Protected Material shall not, under

any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

14. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon (a) the Designating Party notifying a Receiving Party of such inadvertant failure to designate Protected Material within ten (10) business days of becoming aware of such failure, and (b) within thirty (30) days providing properly redesignated documents to that Receiving Party, the receiving party shall return all unmarked or incorrectly designated documents and other materials to the Designating Party within five (5) business days of receiving the properly redesignated documents.   During the thirty (30) day period after notice, the materials shall be treated as designated in the Designating Party's notice. The Receiving Party shall not retain copies thereof and shall treat information contained in said documents and materials and any summaries or notes thereof as appropriately marked pursuant to the Disclosing Party's notice.

15. If information subject to a claim of attorney-client privilege or work product immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a Party has inadvertently or mistakenly produced information subject to a claim or immunity or privilege, upon written request made by the disclosing party within twenty-one (21) days of discovery of such inadvertent or mistaken production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request unless the receiving party intends to challenge the disclosing party's assertion of privilege

or immunity. All copies of inadvertently or mistakenly produced documents shall be destroyed, and any document or material information reflecting the contents of the inadvertently produced information shall be expunged. If a receiving party objects to the return of such information within the seven (7) business day period described above, the disclosing party may move the Court for an order compelling the return of such information.  Pending the Court's ruling, a receiving party may retain the inadvertently or mistakenly produced documents in a sealed envelope and shall not make any use of such information.

16. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the Protected Material sought.

17. If any person covered by this Protective Order is subpoenaed or served with a document demand in another action or proceeding and such subpoena or document demand seeks Protected Material, that person shall (i) give prompt written notice, by hand or electronic transmission, and in no event later than seven (7) days after the receipt of such subpoena or document demand, to the Designating Party who produced or designated the information as Protected Material; (ii) give prompt written notice, by hand or electronic transmission, and in no event later than seven (7) days after the receipt of such subpoena or document demand, to the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and (iii) object to the production of such information on the ground that such information is subject to the terms of this Protective Order.  The burden of opposing the enforcement of

the subpoena or document demand shall fall upon the Designating Party. If the Designating Party timely seeks appropriate relief from a court of competent jurisdiction, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

18. This Protective Order shall remain in full force and effect unless modified by order of the Court or by joint or agreed motion of the Parties.  This Protective Order is binding on all Parties and their affiliates, attorneys, agents, experts, consultants, employees, representatives, successors and assigns.

19. The Parties have authorized their respective Counsel to execute this Protective Order on their behalf, and the Parties and their respective Counsel agree to be bound by the terms of this Protective Order.

20. The Clerk of this Court is directed to maintain under seal all documents, transcripts and other items filed under seal with the Court in this litigation that have been designated, in whole or in part, as Protected Material by a Party or Non-Party to the litigation.

21. Nothing in this Order shall be interpreted to prevent or otherwise interfere with the Producing Party's use or dissemination of its own Protected Material.   Further, any information that would be considered CONFIDENTIAL or HIGHLY CONFIDENTIAL according to the above provisions of this Order shall not be so considered in the hands of

any Party who obtained the information without restriction on its use or disclosure by lawful means other than production by the Producing Party.

IT IS SO ORDERED this 11th day of April, 2014.

Kristine G. Baker
United States District Judge

Agreed as to form and substance,

/s/ David D. Wilson                              /s/Robert J. Katerberg
DAVID D. WILSON, #90112                          Robert J. Katerberg (admitted *pro hac vice*)
**Friday, Eldredge & Clark, LLP**                Donna E. Patterson (admitted *pro hac vice*)
400 West Capitol Avenue, Suite 2000              Jason C. Ewart (admitted *pro hac vice*)
Little Rock, Arkansas 72201                      Stephen K. Marsh (*pro hac vice* forthcoming)
Telephone: (501) 370-1564                        Matthew R. Fearnside (pro hac vice forthcoming)
Fax: (501) 244-5380                              ARNOLD & PORTER LLP
E-mail: wilson@fridayfirm.com                    555 Twelfth Street N.W.
                                                 Washington, DC  20004
Hill Rivkins LLP                                 Telephone:  (202) 942-5000
Steven P. Vangel                                 Facsimile:   (202) 942-5999
John J. Sullivan                                 Robert.Katerberg@aporter.com
55 Waugh Drive, Suite 1200
Houston, Texas 77007                             Tim Boe (Ark. Bar No. 74014)
Telephone: (713) 222-1515                        Haley Heath Burks (Ark. Bar No. 2011286)
Telefax: (713) 222-1359                          ROSE LAW FIRM
E-mail: svangel@hillrivkins.com                  120 E. Fourth Street
jsullivan@hillrivkins.com                        Little Rock, AR 72201
                                                 Telephone: (501) 375-9131
ATTORNEYS FOR PLAINTIFF                           Facsimile:  (501) 375-1309
                                                 TBoe@roselawfirm.com

                                                 Douglas R. Gunson (admitted *pro hac vice*)
                                                 NUCOR CORPORATION
                                                 1915 Rexford Road
                                                 Charlotte, NC 28211
                                                 Telephone: (704) 366-7000
                                                 Facsimile:  (704) 972-1836
                                                 Doug.Gunson@nucor.com

                                                 ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATION - EXHIBIT A</u>

I hereby certify that I have read the attached Protective Order in *J.D. Fields & Company Inc. vs. Nucor-Yamato Steel Company*, Civil Action No. 4:12-cv-00754-KGB, dated April 11, 2014 (the "Order"), and I agree to be bound by the Protective Order.  I further agree that I will not reveal "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information (collectively "Protected Material") to, or discuss such with, any person who is not entitled to receive Protected Material in accordance with the Order. I will use Protected Material only for the purpose of facilitating the prosecution or defense of the action and not for any business or other purpose. I will otherwise keep all Protected Material confidential in accordance with this Order. I agree that the United States District Court for the Eastern District of Arkansas has jurisdiction to enforce the terms of this Order, and I consent to jurisdiction of that Court over my person for that purpose.

Dated: _____         _____

_____
[Printed Name]

_____
[Company]

[Address]